### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **ANNETTE BUSH,** )<br>866 Peerless Ave. )<br>P.O. Box 8069 )<br>Akron, OH 44320 )<br>) | **CASE NO.:** |
| **vs.** ) <br>) | **JUDGE:** |
| **SUMMA HEALTH SYSTEM** )<br>525 E. Market Street )<br>Akron, OH 44308 )<br>) | |
| **and** )<br>) | |
| **SUMMA HEALTH SYSTEM, INC.** )<br>c/o Stat. Agent James Wheeler )<br>444 N Main Street )<br>Akron, OH 44310 )<br>) | **COMPLAINT**<br>**(Jury Demand Endorsed Herein** |
| **and** )<br>) | |
| **SUMMA HEALTH SYSTEM** )<br>**HOSPITALS, INC.** )<br>c/o Stat Agent William A Powell III )<br>525 E. Market Street )<br>P.O. Box. 2090 )<br>Akron, OH 44309 )<br>) | |
| **and** ) | |

1

|  |  |
|---|---|
| **CATHY DUFFY (Individual and Official Capacity Under State Law)** <br> **525 E. Market Street** <br> **Akron, OH 44308** <br><br> **and** <br><br> **KAYE RYDER (aka Kaye Reiter)** <br> **(Official and Individual Capacity Under State Law)** <br> **525 E. Market Street** <br> **Akron, OH 44308** <br><br> **Defendants** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## INTRODUCTION

1. The Plaintiff alleges a violation of the Age Discrimination in Employment Act, 29 U.S.C. 621, et. seq. and a race and retaliation violation under Title VII of the Civil Rights Act of 1964 as amended.

2. Plaintiff further alleges violation of 4112 of the Ohio Revised Code and other pendent state claims.

3. The Plaintiff is seeking specific performance, compensatory damages, punitive damages, attorney fees, costs, and any other relief deemed appropriate by the Court.

4. All conditions precedent to the filing of this suit have been performed or have occurred.

## JURISDICTION

5. Jurisdiction is invoked under 28 U.S.C. 1331, 1343, and 1367.

6. Jurisdiction is further imposed under the Age Discrimination in Employment Act, 29 U.S.C. 621, et. seq. and Title VII of the Civil Rights Act of 1964 as amended. (Exs. 1-4).

7. Plaintiff received her Right to Sue Letter on her initial charge of discrimination on or about May 19, 2009 and timely filed this lawsuit. (Ex. 3).

8. Plaintiff received her right to sue letter on her charge of retaliation on June 12, 2009 and timely filed this lawsuit.  (Ex. 4).

## PARTIES

9. Plaintiff Annette Bush is an African American female citizen of the United States residing in Summit County.  Her address is provided above.  Further, Plaintiff states that she is currently 59 years old with a date of birth August 4, 1949.

10. Defendants Summa Health Care System, Summa Health Systen, Inc. and Summa Health System Hospitals, Inc. ("Summa Defendants") are private corporations engaged in providing of medical care to the general public.  Additionally, the Summa Defendants employed the Plaintiff for over thirty-eight years.

11. Defendant Cathy Duffy ("Defendant Duffy") is a Caucasian employee with the Summa Defendants.  During the relevant period of time in this complaint, Defendant Duffy was one of the Plaintiff's supervisors. Defendant Duffy is sued in her individual and official capacity under State law.

12. Defendant Kaye Ryder (aka Kaye Reiter) ("Defendant Ryder") is an employee with the Summa Defendants.  During the relevant period of time in this complaint, Defendant Ryder was one of the Plaintiff's supervisors. Defendant Ryder is sued in her individual and official capacity under State law.

## FIRST CAUSE OF ACTION
### (ADEA Violation)

13. Plaintiff states that she is African-American and she was born on August 4, 1949.

14. Plaintiff states that she began employment with the Summa Defendants on or about January 29, 1970.

15. Plaintiff states that over the years she has worked numerous positions and she has an excellent employment record.

16. Plaintiff states her last job title was Cauterization Interventionist Technician in the Cardiac Cauterization Lab.

17. Plaintiff states she was the oldest employee and one of a few African-Americans within her department.

18. Plaintiff states that Defendant Ryder became the new Director of the Cardiac

       Cauterization Lab and commenced an immediate campaign to harass and discipline Plaintiff because of age and race.

19. Plaintiff complained to Defendant Duffy, Assistant Clinical Manager, who is Ryder's Supervisor, but to no avail.

20. Plaintiff states that recently she has been subjected to repeated incidents of discrimination and harassment.  During the last two years of her employment, these incidents include, but are not limited to, the following:

    a.    Plaintiff was forced to give up her vacation time when non-minority and younger employees were not;

    b.    Plaintiff was forced to find coverage for her shift when her father in law died.  Non-minority and younger employees routinely did not have to find coverage

    c.    In June of 2008, the Plaintiff was issued a ninety (90) day performance plan by Defendant Ruder and Duffy without justification.  Plaintiff further states that she was advised that she was issued the plan because she was too old to adequately perform her job.

    d.    On or about August 22, 2008, Defendants Duffy and Ryder blamed equipment break downs on the Plaintiff's age.  Specifically, they advised the Plaintiff that she was unable to keep up with the younger employees thereby causing equipment malfunctions.  Similar comments were made almost every time there was an equipment issue. Younger and non-minority employees were not similarly treated this way.

    e.    Plaintiff was forced to work in a hostile [Age and Race] work environment. For example, because of Plaintiff's seniority she was allowed, per Summa Policy, to be excluded from "on call" requirements. However, Defendants Duffy and Ryder harassed Plaintiff and encouraged younger and non-minority employees to further harass Plaintiff into not follow said policy.

    f    Plaintiff was forced to deal with numerous other unfair and false allegations and charges which were made against her by Ryder and Duffy. Plaintiff constantly complained of her treatment to Summa Administrators but to no avail.

21. Plaintiff states that due to the above she filed a Charge of Discrimination [Age and Race] with the Ohio Civil Rights Commission on August 29, 2008.  (Ex. 1).

      Plaintiff states she began documenting her treatment and comparable treatment of others. Defendant Ryder objected and demanded that Plaintiff stop taking notes.

22. Plaintiff states that shortly after she filed her charge of discrimination, on or about September 19, 2008, she was terminated by the Defendants in retaliation for the filing of the Charge of Discrimination.

23. As a result, the Plaintiff filed another Charge of Discrimination on September 22, 2008.  (Ex 2).

24. The Plaintiff received her Right to Sue Letters on May 19, 2009 and June 13, 2009.  (Exs. 3-4).

25. The Plaintiff states that she was subjected to a hostile work environment based upon age, subjected to numerous adverse employment actions, and terminated because of her age in violation of Age Discrimination in Employment Act, 29 U.S.C. 621, et. seq.

26. Wherefore, for age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. 621, et. seq. Plaintiff demands from the Summa Defendants compensatory damages of $300,000, punitive damages of $300,000, attorney fees, cost, reinstatement and any other relief this Court may deem is fair and equitable.

## SECOND CAUSE OF ACTION
**(ADEA Retaliation)**

27. Plaintiff states that she is African-American and she was born on August 4, 1949.

28. Plaintiff states that she began employment with the Summa Defendants on or about January 29, 1970.

29. Plaintiff states that over the years she has worked numerous positions and she has an excellent employment record.

30. Plaintiff states her last job title was Cauterization Interventionist Technician in the Cardiac Cauterization Lab.

31. Plaintiff states she was the oldest employee and one of few African-Americans within her department.

32. Plaintiff states that Defendant Ryder became the new Director of the Cardiac

    Cauterization Lab and commenced an immediate campaign to harass and discipline Plaintiff because of age and race.

33. Plaintiff complained to Defendant Duffy, Assistant Clinical Manager, who is Ryder's Supervisor, but to no avail.

34. Plaintiff states that recently she has been subjected to repeated incidents of discrimination and harassment. During the last two years of her employment, these incidents include, but are not limited to, the following:

  a. Plaintiff was forced to give up her vacation time when non-minority and younger employees were not;

  b. Plaintiff was forced to find coverage for her shift when her father in law died. Non-minority and younger employees routinely did not have to find coverage

  c. In June of 2008, the Plaintiff was issued a ninety (90) day performance plan by Defendant Ruder and Duffy without justification. Plaintiff further states that she was advised that she was issued the plan because she was too old to adequately perform her job.

  d. On or about August 22, 2008, Defendants Duffy and Ryder blamed equipment break downs on the Plaintiff's age. Specifically, they advised the Plaintiff that she was unable to keep up with the younger employees thereby causing equipment malfunctions. Similar comments were made almost every time there was an equipment issue. Younger and non-minority employees were not similarly treated this way.

  e. Plaintiff was forced to work in a hostile [Age and Race] work environment. For example, because of Plaintiff's seniority she was allowed, per Summa Policy, to be excluded from "on call" requirements. However, Defendants Duffy and Ryder harassed Plaintiff and encouraged younger and non-minority employees to further harass Plaintiff into not follow said policy.

  f Plaintiff was forced to deal with numerous other unfair and false allegations and charges which were made against her by Ryder and Duffy. Plaintiff constantly complained of her treatment to Summa Administrators but to no avail.

35. Plaintiff states that due to the above she filed a Charge of Discrimination [Age and Race] with the Ohio Civil Rights Commission on August 29, 2008. (Ex. 1).

        Plaintiff states she began documenting her treatment and comparable treatment of others. Defendant Ryder objected and demanded that Plaintiff stop taking notes.

36. Plaintiff states that shortly after she filed her charge of discrimination, on or about September 19, 2008, she was terminated by the Defendants in retaliation for the filing of the Charge of Discrimination.

37. As a result, the Plaintiff filed another Charge of Discrimination on September 22, 2008. (Ex 2).

38. The Plaintiff received her Right to Sue Letters on May 19, 2009 and June 13, 2009. (Exs. 3-4).

39. The Plaintiff states that she was discriminated against and terminated in retaliation for filing a Charge of Discrimination and otherwise complaining about the discrimination she received from the Defendants in violation of Age Discrimination in Employment Act, 29 U.S.C. 621, et. seq.

40. Wherefore, for violation of Age Discrimination in Employment Act, 29 U.S.C. 621, et. seq., Plaintiff demands from the Summa Defendants compensatory damages of $300,000, punitive damages of $300,000, attorney fees, cost, reinstatement and any other relief this Court may deem is fair and equitable.

## THIRD CAUSE OF ACTION
**(ORC AGE 4112.02A)**

41. Plaintiff states that she is African-American and she was born on August 4, 1949.

42. Plaintiff states that she began employment with the Summa Defendants on or about January 29, 1970.

43. Plaintiff states that over the years she has worked numerous positions and she has an excellent employment record.

44. Plaintiff states her last job title was Cauterization Interventionist Technician in the Cardiac Cauterization Lab.

45. Plaintiff states she was the oldest employee and one of a few African-Americans within her department.

46. Plaintiff states that Defendant Ryder became the new Director of the Cardiac Cauterization Lab and commenced an immediate campaign to harass and

        discipline Plaintiff because of age and race.

47. Plaintiff complained to Defendant Duffy, Assistant Clinical Manager, who is Ryder's Supervisor, but to no avail.

48. Plaintiff states that recently she has been subjected to repeated incidents of discrimination and harassment. During the last two years of her employment, these incidents include, but are not limited to, the following:

    a. Plaintiff was forced to give up her vacation time when non-minority and younger employees were not;

    b. Plaintiff was forced to find coverage for her shift when her father in law died. Non-minority and younger employees routinely did not have to find coverage

    c. In June of 2008, the Plaintiff was issued a ninety (90) day performance plan by Defendant Ruder and Duffy without justification. Plaintiff further states that she was advised that she was issued the plan because she was too old to adequately perform her job.

    d. On or about August 22, 2008, Defendants Duffy and Ryder blamed equipment break downs on the Plaintiff's age. Specifically, they advised the Plaintiff that she was unable to keep up with the younger employees thereby causing equipment malfunctions. Similar comments were made almost every time there was an equipment issue. Younger and non-minority employees were not similarly treated this way.

    e. Plaintiff was forced to work in a hostile [Age and Race] work environment. For example, because of Plaintiff's seniority she was allowed, per Summa Policy, to be excluded from "on call" requirements. However, Defendants Duffy and Ryder harassed Plaintiff and encouraged younger and non-minority employees to further harass Plaintiff into not follow said policy.

    f Plaintiff was forced to deal with numerous other unfair and false allegations and charges which were made against her by Ryder and Duffy. Plaintiff constantly complained of her treatment to Summa Administrators but to no avail.

49. Plaintiff states that due to the above she filed a Charge of Discrimination [Age and Race] with the Ohio Civil Rights Commission on August 29, 2008. (Ex. 1). Plaintiff states she began documenting her treatment and comparable treatment of

others. Defendant Ryder objected and demanded that Plaintiff stop taking notes.

50. Plaintiff states that shortly after she filed her charge of discrimination, on or about September 19, 2008, she was terminated by the Defendants in retaliation for the filing of the Charge of Discrimination.

51. As a result, the Plaintiff filed another Charge of Discrimination on September 22, 2008. (Ex 2).

52. The Plaintiff received her Right to Sue Letters on May 19, 2009 and June 13, 2009. (Exs. 3-4).

53. The Plaintiff states that she was subjected to a hostile work environment based upon age, subjected to numerous adverse employment actions, and terminated due to her age in violation of Chapter 4112 of the Ohio Revised Code including but not limited to Section 4112.99.

54. Wherefore, for age discrimination in violation of Chapter 4112 of the Ohio Revised Code, Plaintiff demands from Summa Defendants compensatory damages of $300,000, punitive damages of $300,000, attorney fees, cost, reinstatement and any other relief this Court may deem is fair and equitable.

## FOURTH CAUSE OF ACTION
### (Title VII Race)

55. Plaintiff states that she is African-American and she was born on August 4, 1949.

56. Plaintiff states that she began employment with the Summa Defendants on or about January 29, 1970.

57. Plaintiff states that over the years she has worked numerous positions and she has an excellent employment record.

58. Plaintiff states her last job title was Cauterization Interventionist Technician in the Cardiac Cauterization Lab.

59. Plaintiff states she was the oldest employee and one of few African-Americans within her department.

60. Plaintiff states that Defendant Ryder became the new Director of the Cardiac Cauterization Lab and commenced an immediate campaign to harass and discipline Plaintiff because of age and race.

61. Plaintiff complained to Defendant Duffy, Assistant Clinical Manager, who is Ryder's Supervisor, but to no avail.

62. Plaintiff states that recently she has been subjected to repeated incidents of discrimination and harassment. During the last two years of her employment, these incidents include, but are not limited to, the following:

    a. Plaintiff was forced to give up her vacation time when non-minority and younger employees were not;

    b. Plaintiff was forced to find coverage for her shift when her father in law died. Non-minority and younger employees routinely did not have to find coverage

    c. In June of 2008, the Plaintiff was issued a ninety (90) day performance plan by Defendant Ruder and Duffy without justification. Plaintiff further states that she was advised that she was issued the plan because she was too old to adequately perform her job.

    d. On or about August 22, 2008, Defendants Duffy and Ryder blamed equipment break downs on the Plaintiff's age. Specifically, they advised the Plaintiff that she was unable to keep up with the younger employees thereby causing equipment malfunctions. Similar comments were made almost every time there was an equipment issue. Younger and non-minority employees were not similarly treated this way.

    e. Plaintiff was forced to work in a hostile [Age and Race] work environment. For example, because of Plaintiff's seniority she was allowed, per Summa Policy, to be excluded from "on call" requirements. However, Defendants Duffy and Ryder harassed Plaintiff and encouraged younger and non-minority employees to further harass Plaintiff into not follow said policy.

    f Plaintiff was forced to deal with numerous other unfair and false allegations and charges which were made against her by Ryder and Duffy. Plaintiff constantly complained of her treatment to Summa Administrators but to no avail.

63. Plaintiff states that due to the above she filed a Charge of Discrimination [Age and Race] with the Ohio Civil Rights Commission on August 29, 2008. (Ex. 1). Plaintiff states she began documenting her treatment and comparable treatment of others. Defendant Ryder objected and demanded that Plaintiff stop taking notes.

64. Plaintiff states that shortly after she filed her charge of discrimination, on or about September 19, 2008, she was terminated by the Defendants in retaliation for the filing of the Charge of Discrimination.

65. As a result, the Plaintiff filed another Charge of Discrimination on September 22, 2008.  (Ex 2).

66. The Plaintiff received her Right to Sue Letters on May 19, 2009 and June 13, 2009.  (Exs. 3-4).

67. The Plaintiff states that because of her race she was discriminated against and terminated in retaliation for filing a Charge of Discrimination and otherwise complaining about the discrimination she received from the Defendants in violation of Title VII of the Civil Rights Acxt of 1964, as amended.

## FIFTH CAUSE OF ACTION
### (ORC Race 4112.02A)

68. Plaintiff states that she is African-American and she was born on August 4, 1949.

69. Plaintiff states that she began employment with the Summa Defendants on or about January 29, 1970.

70. Plaintiff states that over the years she has worked numerous positions and she has an excellent employment record.

71. Plaintiff states her last job title was Cauterization Interventionist Technician in the Cardiac Cauterization Lab.

72. Plaintiff states she was the oldest employee and one of a few African-Americans within her department.

73. Plaintiff states that Defendant Ryder became the new Director of the Cardiac Cauterization Lab and commenced an immediate campaign to harass and discipline Plaintiff because of age and race.

74. Plaintiff complained to Defendant Duffy, Assistant Clinical Manager, who is Ryder's Supervisor, but to no avail.

75. Plaintiff states that recently she has been subjected to repeated incidents of discrimination and harassment.  During the last two years of her employment,

these incidents include, but are not limited to, the following:

    a.    Plaintiff was forced to give up her vacation time when non-minority and younger employees were not;

    b.    Plaintiff was forced to find coverage for her shift when her father in law died. Non-minority and younger employees routinely did not have to find coverage

    c.    In June of 2008, the Plaintiff was issued a ninety (90) day performance plan by Defendant Ruder and Duffy without justification. Plaintiff further states that she was advised that she was issued the plan because she was too old to adequately perform her job.

    d.    On or about August 22, 2008, Defendants Duffy and Ryder blamed equipment break downs on the Plaintiff's age. Specifically, they advised the Plaintiff that she was unable to keep up with the younger employees thereby causing equipment malfunctions. Similar comments were made almost every time there was an equipment issue. Younger and non-minority employees were not similarly treated this way.

    e.    Plaintiff was forced to work in a hostile [Age and Race] work environment. For example, because of Plaintiff's seniority she was allowed, per Summa Policy, to be excluded from "on call" requirements. However, Defendants Duffy and Ryder harassed Plaintiff and encouraged younger and non-minority employees to further harass Plaintiff into not follow said policy.

    f    Plaintiff was forced to deal with numerous other unfair and false allegations and charges which were made against her by Ryder and Duffy. Plaintiff constantly complained of her treatment to Summa Administrators but to no avail.

76. Plaintiff states that due to the above she filed a Charge of Discrimination [Age and Race] with the Ohio Civil Rights Commission on August 29, 2008. (Ex. 1). Plaintiff states she began documenting her treatment and comparable treatment of others. Defendant Ryder objected and demanded that Plaintiff stop taking notes.

77. Plaintiff states that shortly after she filed her charge of discrimination, on or about September 19, 2008, she was terminated by the Defendants in retaliation for the filing of the Charge of Discrimination.

78. As a result, the Plaintiff filed another Charge of Discrimination on September 22,

2008.  (Ex 2).

79. The Plaintiff received her Right to Sue Letters on May 19, 2009 and June 13, 2009.  (Exs. 3-4).

80. The Plaintiff states that she was subjected to a racially hostile work environment, subjected to numerous adverse employment actions, and terminated due to her race in violation of Chapter 4112.02.

81. Wherefore, for race discrimination in violation of Chapter 4112 of the Ohio Revised Code, Plaintiff demands from Summa Defendants compensatory damages of $300,000, punitive damages of $300,000, attorney fees, cost, reinstatement and any other relief this Court may deem is fair and equitable.

## SIXTH CAUSE OF ACTION
### (Contract Breach)

82. Plaintiff states that she is African-American and she was born on August 4, 1949.

83. Plaintiff states that she began employment with the Summa Defendants on or about January 29, 1970.

84. Plaintiff states that over the years she has worked numerous positions and she has an excellent employment record.

85. Plaintiff states her last job title was Cauterization Interventionist Technician in the Cardiac Cauterization Lab.

86. Plaintiff states she was the oldest employee and one of few African-Americans within her department.

87. Plaintiff states that Defendant Ryder became the new Director of the Cardiac Cauterization Lab and commenced an immediate campaign to harass and discipline Plaintiff because of age and race.

88. Plaintiff complained to Defendant Duffy, Assistant Clinical Manager, who is Ryder's Supervisor, but to no avail.

89. Plaintiff states that recently she has been subjected to repeated incidents of discrimination and harassment.  During the last two years of her employment, these incidents include, but are not limited to, the following:

   a. Plaintiff was forced to give up her vacation time when non-minority and

        younger employees were not;

    b.    Plaintiff was forced to find coverage for her shift when her father in law died. Non-minority and younger employees routinely did not have to find coverage

    c.    In June of 2008, the Plaintiff was issued a ninety (90) day performance plan by Defendant Ruder and Duffy without justification. Plaintiff further states that she was advised that she was issued the plan because she was too old to adequately perform her job.

    d.    On or about August 22, 2008, Defendants Duffy and Ryder blamed equipment break downs on the Plaintiff's age. Specifically, they advised the Plaintiff that she was unable to keep up with the younger employees thereby causing equipment malfunctions. Similar comments were made almost every time there was an equipment issue. Younger and non-minority employees were not similarly treated this way.

    e.    Plaintiff was forced to work in a hostile [Age and Race] work environment. For example, because of Plaintiff's seniority she was allowed, per Summa Policy, to be excluded from "on call" requirements. However, Defendants Duffy and Ryder harassed Plaintiff and encouraged younger and non-minority employees to further harass Plaintiff into not follow said policy.

    f    Plaintiff was forced to deal with numerous other unfair and false allegations and charges which were made against her by Ryder and Duffy. Plaintiff constantly complained of her treatment to Summa Administrators but to no avail.

90.    Plaintiff states that due to the above she filed a Charge of Discrimination [Age and Race] with the Ohio Civil Rights Commission on August 29, 2008. (Ex. 1). Plaintiff states she began documenting her treatment and comparable treatment of others. Defendant Ryder objected and demanded that Plaintiff stop taking notes.

91.    Plaintiff states that shortly after she filed her charge of discrimination, on or about September 19, 2008, she was terminated by the Defendants in retaliation for the filing of the Charge of Discrimination.

92.    As a result, the Plaintiff filed another Charge of Discrimination on September 22, 2008. (Ex 2).

93.    The Plaintiff received her Right to Sue Letters on May 19, 2009 and June 13,

2009.  (Exs. 3-4).

94. Plaintiff states that the actions of the Defendants is clearly a blatant and willful breach of contract. Plaintiff relied on the policy and procedure of Defendant to her detriment.

95. Wherefore, for malicious and intentional breach of contract, Plaintiff demands from the Summa Defendants compensatory damages in the amount of $300,000, punitive damages in the amount of $300,000, attorney fees, cost and any other relief this Court may deem is fair and equitable.

Respectfully Submitted,

**EDWARD L. GILBERT CO. L.P.A.**

/s/ Edward L. Gilbert
Edward L. Gilbert (0014544)
Michael J. Wright (0075221)
One Cascade Plaza, Suite 825
Akron, Ohio 44308
(330) 376-8855
(330) 376-8857 FAX
egilbert8@sbcglobal.net

## JURY DEMAND

The Plaintiff hereby demands a trial by jury with the maximum number of jurors permitted by law for all claims in this action.

**/s/ Edward L. Gilbert**
Edward L. Gilbert
Michael J. Wright
Attorneys at Law